In the Matter of BERTHA COHEN, Respondent, v. NATHAN COHEN, Appellant.— In a proceeding instituted in the Domestic Relations Court of the City of New York (Family Court), County of Kings, by the petitioner, to obtain an order of support directed against her husband, the respondent below, such an order was duly made and entered directing the husband to pay into that court the sum of thirteen dollars and eighty-five cents " Semi-monthly, each and every Semi-month " beginning on May 1, 1939, for the support of the dependent named in the petition, until further order of the court, and containing other provisions. From that order the husband appeals. Order unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

In the Matter of the Application of RUTH GOLDEN for an Order Directing the WESTCHESTER TRUST COMPANY, by WILLIAM R. WHITE, as Superintendent of Banks in Charge of the WESTCHESTER TRUST COMPANY in Liquidation, to Turn over to the Petitioner a Certain First Mortgage Participation Certificate Issued by the FIRST NATIONAL BANK & TRUST COMPANY OF YONKERS, Being Certificate No. 984, Mortgage Series 465, in the Sum of $4,700. WESTCHESTER TRUST COMPANY, in Liquidation, Respondent-Appellant; RUTH GOLDEN, Petitioner-Respondent.— In a proceeding instituted by petitioner Ruth Golden (now Bermann) for an order directing Westchester Trust Company, by William R. White, as Superintendent of Banks in charge of that trust company, in liquidation, to turn over to Ruth Golden a certain first mortgage participation certificate in the sum of $4,700, an order was made adjudging that petitioner's application be granted, that the petitioner was entitled to the certificate and that William R. White, as Superintendent of Banks, in charge of the Westchester Trust Company in liquidation, be and he thereby was directed forthwith to turn over the certificate to the petitioner Ruth Golden, or her attorney, Irving Schneider, upon service upon him of a copy of the order, with notice of entry indorsed thereon. Order of the official referee, entered in the office of the clerk of Westchester county on December 21, 1938, reversed on the law and the facts, with ten dollars costs and disbursements, and application denied, with ten dollars costs. The finding of the learned official referee in favor of petitioner was against the greater weight of credible evidence, which, including documents signed by the petitioner and other documentary proof, established in a conclusive way that the $4,700 certificate in question was delivered to the Westchester Trust Company by the petitioner as additional collateral security, to the extent of $3,000, for petitioner's debt to the trust company, which exceeded that amount and which is still unpaid. Therefore, the petitioner showed no right to the return of the certificate. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.